No. 999

PIPER v. McCOY et

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1363. Decided April 22, 1926

473. ESTATES—Where first item in will conveys a fee simple estate to widow of testator a "request" by a testator in second item limiting said estate will not cut down the fee simple to a lesser estate.

BY THE COURT.

This case involves the construction of items one and two of the will of Evan Humphreys, deceased. Item I provided that Jane Humph-

reys, wife of the deceased, be given and devised all the residue of his estate. Item II appointed the wife executrix, and requested her to sell the residence in which they lived and to deposit the proceeds in some bank until sh esaw fit to divide same between the two children, Thomas Humphreys and Martha McCoy. Control of a certain tract of land was given to the wife to be divided between the two daughters, Margaret Adams and Jane Piper after her death.

The Franklin Common Pleas rendered judgment in favo rof the defendants. The Court of Appeals held:

1. The record shows that the widow of the testator was cited to elect to take under the will, but the record is silent as to whether she did so elect.

2. The evidence however, clearly establishes that she did elect to take under the will.

3. This leaves for consideration whether the widow took an estate in fee under the first item or whether that estate was limited or cut down by provisions of item two.

4. The first item clearly and definitely conveys a fee simple and is not cut down to a lesser estate by the "request" of the testator contained in item two.

5. Jane Piper therefore took a life estate under the deed from her mother and the defendants would take the fee in remainder.

Judgment affirmed.

Attorneys—James B. Yaw for Piper; William H. Jones for McCoy et; all of Columbus.